NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0317n.06

No. 22-1314

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JEBRIE CROSS,

     Petitioner-Appellant,

v.

MELINDA K. BRAMAN, Warden,
Richard A. Handlon Correctional Facility,

     Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 13, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Jebrie Cross filed a habeas petition challenging his state convictions stemming from firebombing a house, contending that his trial counsel performed in a constitutionally deficient manner. The district court denied his petition but granted a certificate of appealability. We AFFIRM.

I.

Jebrie Cross was convicted for firebombing a house in Detroit, Michigan. *People v. Thomas*, No. 335071, 2018 WL 5304897, at \*1 (Mich. Ct. App. Oct. 25, 2018) (per curiam). On December 13, 2015, two women got into a verbal and physical fight with the house's occupants. *Id.* The women left and recruited Cross and others to "retaliate for the earlier assault." *Id.* On their way back to the house, the group stopped at a gas station where Cross poured gasoline into "at least one," and maybe as many as three, glass bottles. *Id.* The group then drove to the house, lit the bottles of gasoline on fire, and threw them into the house. *Id.* The jury heard testimony that

Cross threw at least one bottle. *Id.* The firebomb resulted in an intense, quick-spreading fire that killed two people and injured a third. *Id.*

Two days later, two Detroit police officers interviewed Cross. Cross told the officers that he suffered from a learning disability, so the officers read Cross's *Miranda* rights to him and confirmed he understood them. *Id.* at *9. Cross seemed "eager" to tell the police his account of the events, which "largely minimized" his role "and shifted the blame to others." *Id.* Cross was charged with two counts of first-degree felony murder, one count of first-degree arson, assault with the intent to commit murder, and assault with the intent to commit great bodily harm less than murder.

During pre-trial proceedings in January 2016, Cross's trial counsel requested an evaluation to determine Cross's competency to stand trial and to waive his *Miranda* rights. *Id.* at *7. In June 2016, the trial court found Cross competent to stand trial based on a report by the state's Center for Forensic Psychiatry (CFP). *Id.* But the CFP had not yet completed its evaluation of Cross's competency to waive his *Miranda* rights; the trial court warned Cross's counsel that there was not much time before Cross's August trial date to obtain an independent evaluation, should the defense desire one. *Id.* In August, after the CFP report was ready, the trial court held a hearing to determine the admissibility of Cross's police interview. *Id.* at *9. The CFP report concluded that Cross was competent to waive his *Miranda* rights, noting that "Cross possessed the intellectual capacity to make a valid waiver and that he attempted to misrepresent his academic abilities and his psychiatric symptoms." *Id.* Cross's trial counsel told the court that Cross's family had hired an independent psychologist to examine him. *Id.* The trial court considered the CFP report, testimony, and the video recording of Cross's police interview, and ruled that Cross was competent to waive his

*Miranda* rights and that Cross made his inculpatory statements intelligently and voluntarily. *Id.* at *7.

Cross stood trial. "Mid-trial," Cross's counsel advised the court that he had received a new independent evaluation of Cross. *Id.* at *8. The report had been prepared "at the request of another attorney and without trial counsel's knowledge or involvement." *Id.* That evaluation, done by Leslie Kaye, Ph. D., found that Cross was not competent to waive his *Miranda* rights. *Id.* Cross's counsel asked for a new competency hearing considering the independent evaluation or for Kaye to testify as a trial witness. *Id.* The trial court denied both requests. *Id.* The court found that Cross was too late in procuring the evaluation; the state had not been provided with adequate notice; and there was nothing to establish Kaye's credentials as an expert witness, though the court did allow Cross to submit the new evaluation and Kaye's curriculum vitae into the record. *Id.*

The jury convicted Cross of two counts of first-degree felony murder, one count of first-degree arson, and one count of assault with intent to do great bodily harm less than murder. *Id.* at *1. Cross was deemed a habitual offender and sentenced to life imprisonment without parole for each murder conviction and 10 to 20 years in prison for the assault conviction. *Id.* Cross filed a motion for a new trial and requested an evidentiary hearing on the claim that his trial counsel had been ineffective for not properly pursuing his competency to waive his constitutional rights. *Id.* at *8. The state trial court denied the motion, finding that the delayed evaluation was the fault of Cross or his family, not his trial counsel, and that there was overwhelming evidence of Cross's guilt even without his confession. *Id.* Cross appealed. The Michigan Court of Appeals affirmed the trial court, *see id.* at *9–10, and the Michigan Supreme Court denied his application for leave to appeal, *see People v. Cross*, 924 N.W.2d 560 (Mich. 2019) (unpublished table decision). Cross filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. *See Cross*

*v. Burton*, No. 2:20-CV-10846, 2022 WL 996012, at \*1 (E.D. Mich. Mar. 31, 2022). The district court denied the petition but granted a certificate of appealability. *Id.* at \*10. This appeal followed.

II.

Cross argues that his trial counsel rendered constitutionally ineffective assistance by failing to properly pursue his claim that he was not competent to waive his *Miranda* rights.

To succeed on an ineffective assistance of counsel claim, a petitioner must show both (1) that his "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We may address the *Strickland* prongs in either order. *Id.* at 697. The *Strickland* standard is highly deferential. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). And because the Michigan Court of Appeals adjudicated Cross's ineffective assistance of counsel claim, our review under § 2254 is "doubly" deferential. *Id.* (citation omitted). In this posture, the proper "question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* The Michigan Court of Appeals reasonably explained why Cross's counsel did not fail the performance prong, so we cannot grant relief on Cross's ineffective assistance claim.[1]

The Michigan Court of Appeals noted that trial counsel had "considered seeking an independent evaluation, but was unlikely to obtain funding for an independent evaluation at state expense because he had been retained." *Thomas*, 2018 WL 5304897, at \*9. And there was "no evidence, such as an affidavit from Cross's family members or trial counsel, to support any claim that there was a plan to have the family fund an independent evaluation as part of Cross's defense

---

[1] We look to the decision of the Michigan Court of Appeals as the last reasoned state court decision. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

strategy, other than a brief comment at the hearing on August 24, 2016." *Id.* Finally, "the record show[ed] that trial counsel was unaware that Cross's family had actually obtained an independent evaluation to challenge his competency." *Id.* We give the state court's recitation of facts a presumption of correctness that Cross has not rebutted. *See* 28 U.S.C. § 2254(e)(1); *Treesh v. Bagley*, 612 F.3d 424, 431 n.1 (6th Cir. 2010) (applying the standard to state appellate court findings of fact). Because Cross's counsel was unlikely to get funding for an earlier independent evaluation and did not know that the family had engaged another attorney to secure its own independent evaluation, the Michigan Court of Appeals reasonably determined that counsel could not "be faulted for not seeking an adjournment to procure or present the evaluation in a timelier manner." *Thomas*, 2018 WL 5304897, at *9.

Once Cross's trial counsel became aware of the report, he promptly presented the trial court with two paths forward: an additional evidentiary hearing or putting Kaye on the stand. *Id.* at *8. That was enough to satisfy the performance prong under our doubly deferential review. Our question is not whether we think "the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted). We are not convinced that the Michigan Court of Appeals made an unreasonable determination. And because Cross's claim fails on the performance prong, we need not address the prejudice prong.

Cross also raises a due process claim. But he did not raise that claim in his direct appeal in state court. *See Thomas*, 2018 WL 5304897, at *6 ("The sole issue Cross raises on appeal is a claim that he received ineffective assistance of counsel."). And he does not claim to have "cause and prejudice" that would allow him to pursue this claim now on state collateral review. *See* Mich.

Ct. R. 6.508(d)(3).  So this claim is procedurally defaulted.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  And we cannot review a procedurally defaulted claim without a showing of cause and prejudice or a fundamental miscarriage of justice.  *Id.* at 805–06.  Cross has not even attempted to make either showing, so we do not review the merits of his claim.

\* \* \*

We AFFIRM.